1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN SILVA,

                        Petitioner,

            v.

MAGGIE MILLER-STOUT,

                        Respondent.

Case No.  C05-5142FDB

REPORT AND
RECOMMENDATION TO DENY
APPLICATION TO PROCEED *IN
FORMA PAUPERIS*

Noted for April 1, 2005

        This case has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)

and Local MJR 3 and 4.  Petitioner in this case is an inmate at Airway Heights Correction Center.

Petitioner has filed an application to proceed *in forma pauperis.* (Dkt. # 1)  Because petitioner has paid the

$5.00 filing fee (court reciept # 512781) and because petitioner's application indicates he has sufficient

funds in his prison bank account, the Court should  deny the application.

                                                DISCUSSION

        The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a

proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in

denying an application to proceed in forma pauperis.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963),

*cert. denied*, 375 U.S. 845 (1963).

        Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a

prisoner is able to pay the initial expenses required to commence a lawsuit.  *See* Temple v. Ellerthorpe, 586

REPORT AND RECOMMENDATION
Page - 1

F.Supp. 848 (D.R.I. 1984); <u>Braden v. Estelle</u>, 428 F.Supp. 595 (S.D.Tex. 1977); <u>U.S. ex rel. Irons v. Com. of Pa.</u>, 407 F.Supp. 746 (M.D.Pa. 1976); <u>Shimabuku v. Britton</u>, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); <u>Ward v. Werner</u>, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the court to proceed *in forma pauperis* in the present case, petitioner is asking the government to incur the filing fee because he is allegedly unable to afford the costs necessary to proceed with his petition for habeas corpus.  Given the minimal fees required to proceed with this action ($5.00 filing fee) and the funds available to the petitioner, it is not unreasonable to deny petitioner's application for *in forma pauperis* status.

CONCLUSION

Because it is reasonable to expect petitioner, given his financial status, to incur the costs to proceed with his petition, I recommend that the Court deny his application for *in forma pauperis* status.  Therefore, I also recommend that the court order petitioner to pay the required filing fee within thirty (30) days of the Court's Order denying his application.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 1st, 2005**, as noted in the caption.

Dated this 9th day of March, 2005.

        */s/   J. Kelley Arnold*
        J. Kelley Arnold
        United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2