UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN SILVA,

           Petitioner,

    v.

MAGGIE MILLER-STOUT,

           Respondent.

Case No.  C05-5142RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
JULY 15th, 2005**

       This Habeas Corpus Action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4.  Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

INTRODUCTION AND SUMMARY CONCLUSION

       Petitioner filed a state personal restraint petition 367 days after his conviction became final.  The petition was denied as was discretionary review.  23 days after discretionary review was denied petitioner filed this action.  The petition is time barred pursuant to 28 U.S.C. § 2244 (d) and should be **DISMISSED**.

FACTS

       On November 8th, 2002 the Pierce County Superior Court sentenced petitioner to 72 months

REPORT AND RECOMMENDATION Page - 1

after petitioner plead guilty to two counts of first degree child molestation. (Dkt. # 15, Exhibit 1). The sentence was within the standard range and under state law petitioner could not file a direct appeal. 367 days later, November 10th, 2005, petitioner filed a personal restraint petition challenging his plea and claiming ineffective assistance of counsel. (Dkt. # 15, Exhibit 2). The 365th day after petition was sentenced was a Saturday, thus petitioner had until the next Monday to file. The Washington State Court of Appeals denied the petition and petitioner sought discretionary review in the State Supreme Court. (Dkt. # 15, Exhibits 4 and 5).

The State Supreme Court Commissioner denied the motion for review, (Dkt. # 15, Exhibit 6). Petitioner moved to modify, (Dkt. # 15, Exhibit 7). The motion to modify was denied on February 1, 2005. (Dkt. # 15, Exhibit 8). Petitioner's Federal petition was received 24 days later on February 25th, 2005. (Dkt. # 1).

## DISCUSSION

<u>One Year Limitation Period of 28 U.S.C. § 2244(d)</u>

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final for purposes of 28 U.S.C. § 2244(d) when he was sentenced on November 8th, 2002 because he plead guilty and was sentenced within the states standard sentencing range. He could not file a direct appeal in state court and did not file a collateral

REPORT AND RECOMMENDATION Page - 2

1 challenge until 367 days later. (Dkt. # 15, Exhibits 1 and 2). The federal statute of limitations had
2 already run by this point in time. Petitioner had no days left to file in federal court after his petition
3 was denied. Petitioner did not file in Federal court until 23 days after his motion for discretionary
4 review was denied. *See* (Dkt. # 15, Exhibit 8 and Dkt. # 1). This action is time barred pursuant to
5 28 U. S. C. § 2244 (d). Accordingly this petition should be **DISMISSED.**

## CONCLUSION

This petition is time barred and should be **DISMISSED.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 15th 2005**, as noted in the caption.

DATED this 14th day of June, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION Page - 3